UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID E. PALMER,

    Petitioner,

v.                                Case No:  2:16-cv-492-FtM-29CM
                                      Case No. 2:08-CR-128-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #68)[1] filed on June 22, 2016, by counsel.[2] On August 15, 2016, counsel and the government filed a Joint Stipulation Regarding § 2255 Motion and Resentencing (Cv. Doc. #9) requesting that the § 2255 Motion be granted, the criminal judgment be vacated, and

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

[2] On May 23, 2016, the Court appointed the Federal Public Defender's Office to represent petitioner pursuant to Omnibus Order in Re: Amendment 782, United States Sentencing Guidelines, 6:14-mc-78-ACC (Cr. Doc. #66).

petitioner be resentenced without the Armed Career Criminal Act (ACCA) enhancement to a term of time served.

On April 18, 2016, in Welch v. United States, 136 S. Ct. 1257 (2016), the United States Supreme Court determined that the residual clause of the ACCA was unconstitutionally vague, and that Johnson v. United States, 135 S. Ct. 2551 (2015), announced a substantive rule that applied retroactively on collateral review. In light of this decision, and because the parties agree it applies to remove the Armed Career Criminal Act enhancement in petitioner's case, the Court will grant relief and vacate the underlying criminal judgment.

On August 27, 2008, a federal grand jury in Fort Myers, Florida returned a three-count Indictment (Cr. Doc. #1) charging petitioner with being a convicted felon in possession of ammunition, with possession with intent to distribute cocaine, and with possession with intent to distribute less than 50 kilograms of marijuana.  Petitioner entered a plea of guilty to Counts One and Two of the Indictment pursuant to a Plea Agreement (Cr. Doc. #32).  On June 8, 2009, the Court sentenced petitioner to a term of 140 months of imprisonment as to both Counts One and Two, to be served concurrently, followed by concurrent terms of supervised release.  Count Three was dismissed upon motion of the government. (Cr. Doc. #46.)

Based on the Drug Equivalency Tables for the marijuana, crack cocaine, and cocaine hydrochloride attributed to defendant in 2008, the Combined Base Offense Level for all substances was 24 after reducing the offense level by two levels based on the crack cocaine.  Defendant received a two level increase based on the possession of a dangerous weapon and agents located a loaded firearm during the search.  After three levels for acceptance of responsibility, the Total offense Level was 23.  Petitioner was sentenced pursuant to the Armed Career Criminal Act (ACCA), therefore his Total Offense Level was increased to 34.  With the acceptance of responsibility, the Enhanced Offense Level was a 31, and the applicable guideline range was 188 to 235 months of imprisonment, with Count One carrying a mandatory term of 15 years.  At sentencing, petitioner received a three level reduction for the reasons stated on the record and pursuant to the government's Motion for a Departure Pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines.  (Cr. Doc. #48.)  Judgment (Cr. Doc. #50) was filed on June 10, 2009.

Petitioner was sentenced pursuant to the Armed Career Criminal Act (ACCA), and the parties agree that without the ACCA enhancement, petitioner's conviction for possession of ammunition by a convicted felon in Count One would only carry a statutory maximum of 10 years of imprisonment and 3 years of supervised

release.  Under the 2015 Drug Equivalency Table, U.S. Sentencing Guidelines Manual § 2D1.1 n.8, 4.4 grams of cocaine base, 16.5 grams of cocaine, and 27.216 kilograms of marijuana, see Presentence Report § 24, this yields a total of 46.23 kilograms of marijuana and a Base Offense Level of 18, U.S. Sentencing Guidelines Manual § 2D1.1(c)(11).  With the two level increase for the firearm, the Adjusted Offense Level becomes 20, and with a three level adjustment for acceptance of responsibility, the Total Offense Level would be 17.  Using a Total Offense Level of 17, and Criminal History Category VI, the guideline range without the enhancement would be 51 to 63 months of imprisonment.  With application of three additional levels for the § 5K1.1 motion for substantial assistance, the applicable guideline range would be 37 to 46 months of imprisonment.  The parties stipulate that petitioner has been in custody since September 10, 2008, and suggest that a sentence of time served on each count, followed by a term of 36 months of supervised release, all terms to run concurrently, would be sufficient but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).  The parties stipulate that a resentencing hearing is not necessary and petitioner waives his presence for a hearing.  The Court agrees that the sentence is appropriate.

    Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #68) is **GRANTED**.

2. The Judgment in a Criminal Case (Cr. Doc. #50) is **vacated**.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file, and to make a notation that the criminal Judgment has been vacated.

4. A resentencing hearing has been waived.  The Clerk shall enter an amended judgment in the criminal case sentencing petitioner to a term of **time served**, as to Counts One and Two, to run concurrently, followed by a term of 36 months of supervised release on both counts, to run concurrently and under the same conditions as previously imposed in the June 10, 2009 Judgment.

5. As the resentencing hearing has been waived, **petitioner is notified that he has the right of appeal from the amended judgment and sentence in the criminal case (Case No. 2:08-cr-128-FtM-29CM) within fourteen (14) days of its entry.** Failure to appeal within the fourteen day period shall be a waiver of petitioner's right to appeal.  The government

may file an appeal from this sentence. Petitioner is also advised that he is entitled to assistance of counsel in taking an appeal, and if he is unable to afford a lawyer, one will be provided. If petitioner is unable to afford the filing fee, the Clerk of the Court will be directed to accept the Notice of Appeal without such fee.

**DONE and ORDERED** at Fort Myers, Florida, this \_\_16th\_\_ day of August, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA
U.S. Probation
U.S. Marshal